UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALLEN FLICK, | Case No. SACV 16-00015-KES |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Robert Allen Flick ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying his application for Supplemental Security Income ("SSI").  For the reasons discussed below, the ALJ's decision is REVERSED.

## I.

## BACKGROUND

Plaintiff applied for SSI on March 8, 2013, alleging the onset of disability on January 6, 2012.  Administrative Record ("AR") 138-146.  On April 28, 2014, an ALJ conducted a hearing, at which Plaintiff, who was represented by

counsel, appeared and testified.  AR 25-48.  On July 17, 2014, the ALJ issued a written decision denying Plaintiff's request for benefits.  AR 8-24.

At Step Two of the sequential evaluation process, the ALJ found that Plaintiff had severe impairments consisting of a number of physical conditions causing back pain as well as "headaches; depression; and anxiety."  AR 13. Notwithstanding his impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform work with some exertional limitations and "limited to simple routine tasks."  AR 15.

Based on this RFC and the testimony of a vocational expert ("VE"), at Step Five, the ALJ found that Plaintiff could work as a telephone information clerk or charge account clerk as those jobs are described in the Dictionary of Occupational Titles ("DOT").  AR 20.  The ALJ therefore concluded that Plaintiff is not disabled.  Id.

## II.

## ISSUES PRESENTED

Issue No. 1: Whether the ALJ erred at Step Five by failing to explain apparent inconsistencies between Plaintiff's RFC and the reasoning abilities required to work as a telephone information clerk or charge account clerk set forth in the DOT.

Issue No. 2: Whether the ALJ erred in assessing Plaintiff's credibility. See Dkt. 17, Joint Stipulation ("JS") 4.

## III.

## DISCUSSION

**A.   ISSUE ONE:  There is an apparent inconsistency between Plaintiff's RFC and the DOT's requirements to work as a telephone information clerk or charge account clerk.**

**1.   Comparing the DOT's Requirements to Plaintiff's RFC.**

The DOT describes the General Educational Development ("GED")

required for each listed job; that is, the "aspects of education (formal and informal) … required of the worker for satisfactory job performance."  DOT, App. C, 1991 WL 688702 (4th ed. 1991).  Within the GED, the DOT specifies the "reasoning level" required using six defined levels.  Reasoning Level 1 requires the ability to "carry out simple one- or two-step instructions," whereas Reasoning Level 6 requires the application of "principles of logical or scientific thinking to a wide range of intellectual and practical problems."  Id.

In between these two extremes, Reasoning Level 2 requires the ability to do all of the following:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations.

Id.

In contrast, Reasoning Level 3 requires slightly higher reasoning abilities, as follows:

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations.

Id.

Per the DOT, both jobs identified by the ALJ at Step Five require Level 3 reasoning.  (Dkt 17-1 at 1 [DOT 237.367-046 for telephone quotation clerk] and 5 [DOT 205.367-014 for charge account clerk].)

Plaintiff's RFC limits Plaintiff to "simple routine tasks."  AR 15.  The Ninth Circuit recently published a decision holding that a limitation to

1  "simple, routine, or repetitive tasks" is inconsistent with work requiring Level

2  3 reasoning.  See Zavalin v. Colvin, 778 F.3d 842, 843-44 (9th Cir. 2015)

3  (finding an "an apparent conflict between [the claimant's] limitation to simple,

4  routine, or repetitive tasks, on the one hand, and the demands of Level 3

5  Reasoning, on the other hand.").

6      In Zavalin, the ALJ determined that the claimant suffered from

7  impairments including cerebral palsy and a learning disorder which limited his

8  abilities to do "simple, routine tasks" and "simple, repetitive tasks."  Id. at 845.

9  The ALJ nevertheless accepted testimony from a VE that the claimant could

10 perform a job requiring Level 3 reasoning, and on that basis found that the

11 claimant was not disabled.  The Ninth Circuit held that the conflict between

12 the DOT and the claimant's RFC "must be reconciled" by the ALJ and

13 remanded the case for further proceedings.  Id. at 844.

14      2.      The Commissioner's Arguments.

15      The Commissioner argues that this Court should not follow Zavalin

16 because it was decided in February 2015 – long after the ALJ in this case

17 issued her decision in July 2014.  JS 11.

18      Alternatively, the Commissioner argues that Plaintiff waived this issue

19 by failing to raise it at the hearing.  JS 11.

20      Finally, the Commissioner argues that even if this Court follows Zavalin,

21 the ALJ's error of failing to reconcile the conflict was harmless, because there

22 is sufficient evidence in the record to show that Plaintiff is capable of Level 3

23 reasoning.  JS 12.

24      This Court is not persuaded by any of these three argument.  First,

25 following Zavalin is not applying a new law retroactively – it is merely

26 applying the Ninth Circuit's new interpretation of laws that existed in 2014.  If

27 the ALJ in Zavalin needed to make additional findings upon remand to

28 reconcile the apparent conflict between the DOT and the claimant's RFC, then

so too does the ALJ in this case.  See Rounds v. Comm'r, Soc. Sec. Admin.,
807 F.3d 996, 1003 (9th Cir. 2015) (remanding because ALJ failed to address
"whether [the claimant's] limitation to one- to two-step tasks was consistent
with jobs requiring Level Two reasoning"); Rivera v. Colvin, 2016 U.S. Dist.
LEXIS 143551, at *14-19 (C.D. Cal. Oct. 17, 2016) (remanding because ALJ
failed to address whether limitation to "simple routine tasks" was consistent
with Reasoning Level 3).

Second, the Commissioner bears the burden of proof at Step Five.
Haddock v. Apfel, 196 F.3d 1084, 1090 (10th Cir. 1999) ("[T]he ALJ bears the
burden at step five to show that there are jobs in the regional or national
economies that the claimant can perform with the limitations the ALJ has
found him to have.").  The ALJ is not excused from carrying this burden by
the claimant's failure to raise particular issues at the hearing.  Id. ("It is not the
claimant's burden to produce or develop vocational evidence at step five.").
The Commissioner has failed to cite any cases finding a waiver under
comparable circumstances.

Third, the ALJ's failure to reconcile the apparent conflict is not harmless
error.  The courts "cannot affirm the decision of an agency on a ground that
the agency did not invoke in making its decision."  Zavalin, 778 F.3d at 848
(quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.
2006)) (holding that ALJ's failure to reconcile apparent conflict between RFC
and DOT was not harmless error).  It may be that the ALJ, who wrote her
decision before Zavalin, did not intend to limit Plaintiff to jobs requiring only
Level 1 or 2 reasoning by using the phrase "simple routine tasks," but her
reasoning remains unexplained.  To avoid future disputes in light of Zavalin,
ALJs may wish to indicate reasoning limitations in RFCs by referring to the
DOT's reasoning levels by number.

## IV.

## REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007); Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  Benecke, 379 F.3d at 593-96.

In this case, there are outstanding issues that must be resolved before a final determination can be made.  Specifically, the ALJ shall reassess Plaintiff's RFC and determine whether Plaintiff can perform reasoning consistent with the DOT's Reasoning Level 3.  If not, then the ALJ should determine, with the assistance of a VE, whether there are jobs existing in significant numbers in the regional and national economy that Plaintiff can still perform.

The Court does not reach Plaintiff's other claim of error.  Upon remand, the ALJ may wish to consider it.

//
//
//
//
//
//
//
//

6

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that: (1) Plaintiff's request for remand is GRANTED; (2) the decision of the Commissioner is REVERSED; and (3) this action is remanded for further proceedings consistent with this Memorandum Opinion.

Dated: <u>November 08, 2016</u>



_____
KAREN E. SCOTT
United States Magistrate Judge

7